Opinion by
Mr. Chief Justice Moore.
The defendant in error, hereinafter referred to as Lagae, contracted with United Van Lines, Inc., a common carrier by motor in interstate commerce, to transport a single crated carton weighing 1543 pounds from Houston, Texas, to Colorado Springs, Colorado. He sought compensation, for alleged damage to four items contained in the carton and for the value of seven articles allegedly lost in transit.
This contemplated trip was the last leg of a journey which began in the latter part of 1962 in Algiers, Africa, at which point the crated carton was packed by a friend of Lagae. Lagae was not present at the time this action was taken by his friend and had no personal knowledge concerning the particular items actually placed in the carton. It was shipped across the Mediterranean Sea to Marseille, France, and from that city to Houston, Texas. The order for the transportation of the crated carton was received by United Van Lines on July 17, 1963. Thus from “the latter part of 1962” until July 17, 1963, it is certain that the parcel had not arrived from overseas; it actually did not show up in Houston until the *557 latter part of August, 1963. On August 29, 1963, the box was delivered to Lagae in Colorado Springs. Immediately upon arrival at the latter destination the crated box was opened and it was then asserted by Lagae that seven items supposedly shipped in the package as put together in Algiers, Africa, were not found in the shipment as delivered in Colorado Springs. It was also claimed by Lagae that four other items (paintings or the frames connected therewith) were damaged.
There is no competent evidence in the record before us to prove that the claimed missing articles were actually in the crated carton at the time that it was delivered to United Van Lines at Houston, Texas. There is no competent evidence in the record to establish the fact that any damage to articles contained in the shipment was sustained after delivery to United Van Lines. For many months prior thereto the box had been handled in transit from Algiers to Marseille and across the Atlantic Ocean to Houston. The United Van Lines agreed to deliver a box weighing 1543 pounds to Lagae in Colorado Springs and there is no evidence that it failed to deliver to Lagae the box weighing that amount.
At the close of the evidence offered by Lagae, counsel for United Van Lines and Boston Insurance Company moved for judgment in their favor on the ground that no prima facie case had been made against them by the evidence. This motion was denied, whereupon the defendants elected to stand upon the record as made and offered no evidence. The trial court entered judgment in favor of Lagae for the claimed value of the “missing” items, but denied the claim for damage to items delivered.
 We think it sufficient to state that in an action against a single common carrier (not a connecting carrier) to recover damages for the nondelivery of goods, the plaintiff has the burden of proving the actual delivery of such goods to the carrier. It is not until competent evidence has been received tending to prove that *558 the “missing” articles were in fact delivered to the carrier that a presumption arises that the claimed loss was occasioned by the fault or neglect of the carrier. 14 Am. Jur. 2d Carriers §§ 616 and 625. No competent evidence was offered to prove that the articles claimed to be missing were ever received by the carrier.
The judgment is reversed with directions to vacate the judgment and dismiss the action.
Mr. Justice Hodges, Mr. Justice Kelley and Charles Rosenbaum* concur.

Retired District Judge sitting under assignment by the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.